In Re: Taking in Eminent Domain of Certain Parcels of Real Estate Located in the Northside Urban Renewal Area No. 1, Project Penna. R. 389 in the City of Bethlehem, Northampton County, Pa., by the Redevelopment Authority of the City of Bethlehem, Pa. Lorraine A. Haber and Carol A. Corriere, Trustees, Appellants.

Argued October 8, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., and WILKINSON, JR., sitting as a panel of three.

*Richard J. Haber,* with him *Haber and Corriere,* for appellants.

*Michael E. Riskin,* for appellee.

OPINION BY JUDGE WILKINSON, October 26, 1976:

The appellants are the owners of a property being condemned by appellee. A substantial portion of the property is under lease as a law office. The law office acts as a registered office of various corporations and businesses. In addition to condemning appellants' title, appellee also condemned the law office—tenants' leasehold interest. Prior to a hearing appellants filed preliminary objections, only one of which is here involved. We quote in its entirety:

"II. MOTION TO JOIN ADDITIONAL CONDEMNEES IN ACCORDANCE WITH SECTION 506 OF THE EMINENT DOMAIN CODE OF 1964, AS AMENDED:

"1. The following entities, known to the Condemnees to have an interest in the subject premises, which will incur costs as a result of said condemnation, are as follows:

| NAME | ADDRESS | NATURE OF INTEREST |
|---|---|---|
| 1. American Abstract Company | 619 Main Street Bethlehem | Registered or Principal Office |
| 2. Union Guaranty Company | " | " |
| 3. Associated Fire and Safety Equipment Company | " | " |
| 4. Vista Realty, Inc. | " | " |
| 5. Tenmen Investors, Inc. | " | " |
| 6. All-American Corporation | " | " |
| 7. Lehigh Valley Cableradio Corporation | " | " |
| 8. Sunflower Farms, Inc. | " | " " " |

The lower court dismissed this preliminary objection on the basis that it did not come within any of the 4 categories designated by Section 406 of the Eminent Domain Code, Act of June 22, 1964, Special

Sess., P.L. 84, *as amended,* 26 P.S. §1-406. We affirm.

In their brief the appellants attempt to bring their preliminary objection into categories (3) and (4) of Section 406, which provides:

> Preliminary objections shall be limited to and shall be the exclusive method of challenging . . . (3) any other procedure followed by the condemnor; or (4) the declaration of taking. . . .

We disagree.

It seems clear to us that Section 506 of the Eminent Domain Code, 26 P.S. §1-506, requiring the condemnee to furnish the viewers and the condemnors with the names and addresses of any others having an interest in the property, clearly does not require the condemnor to add those individuals as condemnees on penalty of having preliminary objections sustained. Indeed, Section 506(b) expressly provides:

> (b) The court may permit a mortgagee, judgment creditor or other lien holder to intervene in the proceedings where his interest is not adequately protected, but he shall not be a party to the proceedings unless he has intervened.

If indeed, the parties to whom appellants refer as having an interest in the condemned property are entitled to be parties to this action, it would appear that the proper procedure would be for them to file a petition to intervene.

Accordingly, we will enter an order affirming the decision of the court below.

## ORDER

AND Now, October 26, 1976, the order of the Court of Common Pleas of Northampton County, Civil Division—Law, dated December 10, 1975, dismissing Preliminary Objection numbered "II", is affirmed.